### JENKS FOLLETT vs. SAMUEL GRANT.

A breach of the covenant of seisin and right to convey, in a deed made by one who for several years has been in the actual, exclusive and adverse possession of land, is not shown by proof that his record title was only by mortgages, which he afterwards assigned to a third person as collateral security for a debt which has since been paid.

CONTRACT upon the following covenants in a deed dated April 27th 1852, from Joseph Grant, the defendant's testator, to the plaintiff: " And I, the said Joseph Grant, for myself and for my heirs, executors and administrators, do covenant with the said Jenks Follett, his heirs and assigns, that I am lawfully seised in fee simple of the aforegranted premises; that they are free from all incumbrances; that I have good right to sell and convey the same to the said Jenks Follett, his heirs and assigns forever, as aforesaid, and that I will and my heirs, executors and administrators shall warrant and defend the same to the said Jenks Follett, his heirs and assigns forever, against the lawful claims and demands of all persons."

At the trial in the superior court, before *Ames*, J., the execution of the deed was proved, and it appeared that the plaintiff has ever since held and occupied the land conveyed, and he made no claim under the general covenant of warranty, never having been evicted. Upon the facts in proof, the residue of which are sufficiently stated in the opinion, the judge announced his intention to instruct the jury that if Joseph Grant, at the date of the deed to the plaintiff, had actual possession of the land, as of an apparent claim of right, as if it were his own, and adversely to the title of Ware, (in whom the record title to the premises stood, subject to mortgages given by him to Joseph Grant,) it was *prima facie* evidence, and, if not explained or rebutted, proof of seisin in fact on his part, so that his deed would pass whatever title he had in the premises to the plaintiff; that the assignment of the mortgages, under the circumstances which are stated in the opinion, had no tendency to qualify or rebut the evidence tending to prove actual seisin; and

if Joseph Grant had a seisin in fact at that time, the plaintiff was not entitled to recover in this action, except upon the covenant against incumbrances, upon which he claimed nominal damages only. The plaintiff thereupon submitted to a verdict in his favor for one dollar, and the case was reported for the determination of this court.

*J. W. May,* for the plaintiff.

*W. Colburn,* for the defendant.

DEWEY, J. The only question raised here is as to the breach of the covenants of seisin and right to convey, in the deed of the defendant to the plaintiff. These covenants, in the forms usually found in our deeds, are of a very limited character, and are fully satisfied if the grantor, at the time of making his deed, had the actual and exclusive possession of the premises, claiming the same as his own. Such seisin may be sufficient, although there may be an outstanding title in a third person, and although the acts of the grantor indicating his claim have not been of so marked a character as to disseise the true owner *Slater* v. *Rawson*, 6 Met. 444. The evidence in the present case was quite sufficient to authorize such covenants, unless the particular objections relied upon to take the case out of the general rule avoid the effect of it. It appears that the grantor was formerly the undisputed owner in fee-simple of the premises, and that being so, he conveyed the same in the year 1837 to one Ware, taking back at the same time a mortgage for the payment of a certain sum, and in 1838 also taking a second mortgage for a further sum, both sums being payable within the period of five years from the date of the mortgages.

The notes secured by these mortgages were never paid, and the mortgagee had resumed the possession of the premises, but there was no evidence that there had been a compliance with the statute provisions for effecting a foreclosure of the right in equity. In connection with these facts, the plaintiff also proved that in the year 1849, the defendant having occasion to give collateral security for a loan of money, assigned to one Appleton the two mortgages, and the notes secured by them, making at the same time a mortgage of the same land, in his own

name, to secure the same debt; but it further appeared that be-fore making the deed to the plaintiff, the debt for which these mortgages were thus assigned as collateral had been paid to said Appleton, but there was no re-assignment of the mortgages until 1861.

The further inquiry is, whether these facts control the effect of the other evidence of actual possession and exercise of acts of ownership of the premises for a series of years.

We do not perceive that any such result would necessarily follow. Such evidence may show a breach of the covenant against incumbrances, or, if an eviction of the plaintiff had taken place, might subject the defendant to liability on his covenant of warranty, but does not affect the present seisin of the grantor in this deed, or incapacitate him to make a conveyance of all his interest in the premises, or prevent the covenant of warranty from attaching.

As against Ware, the defendant has at all times held the legal estate. It was so before the breach of condition of the mortgage, and it was certainly so after that. Ware never attempted to redeem, but seems " to have given the same back," as a witness stated it.

The assignment to Appleton was at most only a mortgage of a mortgage, and, the note for which that was given as security being duly paid, that incumbrance was defeated, although no formal release had been made at the time of giving the deed to the plaintiff.

But the substantial answer to the whole matter is, that the general character of the possession and exercise of acts of ownership on the part of the grantor, at and long previously to the date of this deed, negative any breach of the covenants of seisin and right to convey, and leave the party to resort to the other covenants, being that against incumbrances, for which he may recover damages appropriate to that covenant, and the general covenant of warranty for the full value of the land, if he is evicted, or yields possession to a paramount title.

The ruling was sufficiently favorable to the plaintiff, and the verdict is to be affirmed.